**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**OBED GOMEZ, JR., et al.**                                                                                               **PLAINTIFFS**

**v.**                                              **Case No. 4:23-cv-00333-LPR**

**CENTENNIAL BANK d/b/a HAPPY STATE BANK**                                           **DEFENDANT**

<u>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>[1]

**WHEREAS**, the above-captioned class action is pending in this Court (the "Action");

**WHEREAS**, Plaintiffs Obed Gomez Jr., Moses A. Gallens, Jeannie Melillo, Sharon Whitlock, Stephanie Martin, Karen Hughes, Tanya R. Autry, and Dennis Barfield ("Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Centennial Bank ("Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, and the papers filed and arguments made in connection therewith; (b) the Settlement Agreement and exhibits attached thereto; (c) all objections submitted to the Court; and (d) the entire record of this case;[2]

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

---

[1] Doc. 53.

[2] No objector showed up to the Final Approval Hearing. And no written objection has sufficient merit to call for a detailed discussion.

**WHEREAS**, the Court finds that, for settlement purposes only, the Settlement Class defined as "all United States Citizens impacted by either the 2022 Breach or the 2023 Breach or both, including all United States residents who received notice of the 2022 Breach or the 2023 Breach or both" and the Settlement Subclass defined as "all United States Residents impacted by both the 2022 Breach and the 2023 Breach"[3] satisfy the factors laid out in Fed. R. Civ. P. 23(a) and (b)(3). Specifically, the court finds that:

1. **Rule 23(a)(1):** Numerosity is satisfied because the Settlement Class of approximately 942,108 individuals and the Settlement Subclass of approximately 17,000 individuals is so numerous that joinder is impracticable. *See Int'l Union of Elec., Radio, & Mach. Workers v. Hudson*, 295 Ark. 107, 118–19, 747 S.W.2d 81, 87 (1988) (declaring that "at least several hundred" class members were sufficient); *Cooper Cmtys., Inc. v. Sarver*, 288 Ark. 6, 9, 701 S.W.2d 364, 365 (1986) (holding that 184 potential class members were enough).

2. **Rule 23(a)(2):** Commonality is satisfied because there are questions of law or fact common to the class. This includes whether Centennial Bank had a duty to use reasonable care to safeguard Plaintiffs' and Class Members' Private Information and whether Centennial Bank failed to adequately safeguard the records of Plaintiffs and other Settlement Class Members. Centennial Bank's data security safeguards were common across the Class, and the safeguards that applied to the data of one Settlement Class Member did not differ from those safeguards that applied to another.

3. **Rule 23(a)(3):** "Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830

---

[3] For the avoidance of doubt, Settlement Subclass Members are included in the Settlement Class.

(8th Cir. 1977)).  Typicality is satisfied here because Settlement Class Members' claims all stem from the Data Incident, which resulted in the exposure of Private Information.  Plaintiffs and Class Counsel provided fair and adequate representation to the Settlement Class, satisfying the adequacy requirement.

    4.    **Rule 23(a)(4):** The Court has reviewed the qualifications of Class Counsel and the work performed by Representative Plaintiffs and Class Counsel throughout the pendency of this litigation as attested to in the Joint Declaration of Gary M. Klinger and M. Anderson Berry in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. 46-2), and the Declaration of Gary M. Klinger in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards to Class Representatives, (Doc. 49-1), and has concluded that the Class was represented in a fair and adequate manner.

    5.    **Rule 23(b)(3):** The Court has determined commonality is satisfied and that the common questions that arise from Centennial Bank's conduct predominate over any individualized issues.  Plaintiffs have demonstrated that their claims can be proved on a systematic, class-wide basis, satisfying the commonality requirement.  *See Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005).  The Court finds that Superiority is satisfied here because the claims are being certified for purposes of settlement, there are no issues with manageability, and resolution of hundreds of thousands of claims in one action is far superior to individual lawsuits.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court GRANTS Plaintiffs' Motion for an Award of Attorneys' Fees (Doc. 48). The Court awards Class Counsel 33.33% of the Settlement Fund ($1,733,160.00) and $11,324.81 in reimbursement of expenses to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable.[4] The Court awards the Class

---

[4] In addition to considering all arguments made by the parties relevant to attorneys' fees, the Court also conducted a quick comparison with what a lodestar calculation would likely have awarded. *See* May 22, 2025 Hr'g Tr. (rough) at 10:32:53–10:34:19. The lodestar total is close enough to not raise red flags concerning the 33.33%—especially in light of the utility of using a share-of-the-settlement calculation in these cases. *See id.*; *cf. Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) ("And while the 5.3 lodestar multiplier is high, it does not exceed the bounds of reasonableness.").

Representatives, Obed Gomez Jr., Moses A. Gallens, Jeannie Melillo, Sharon Whitlock, Stephanie Martin, Karen Hughes, Tanya R. Autry, and Dennis Barfield, $3,000.00 each to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

8. **Class Certification for Settlement Purposes Only:** The Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All persons in the United States whose Private Information was potentially accessible as a result of the Data Incident, including those who were sent notification from Defendant that their Private Information was potentially accessible as a result of the Data Incident.

The Settlement Class includes approximately 942,000 individuals, including 17,000 individuals impacted by the 2022 Data Security Incident. The Settlement Class specifically excludes: (1) all persons who are governing board members of Defendants; (2) governmental entities; (3) the Court, the Court's immediate family, and Court staff; and (4) Settlement and Class Members who submit a valid Request for Exclusion prior to the Opt-Out deadlines.[5]

9. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of approximately 942,000 individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected

---

[5] The Parties agreed to honor any exclusion (opt-out) requests that were submitted within 45 days from putative class members' actual receipt of the Class Notice. *See* May 22, 2025 Hr'g Tr. (rough) at 10:20:13–10:21:17, 10:37:20–10:38:36.

the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

10. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the proposed Class;

    b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Defendant;

    c. the outcome of the Litigation was in doubt when the Settlement was reached, making the compromise under this Settlement reasonable under the circumstances;

    d. it is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f. the Parties have in good faith determined that the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

g. the aggregate consideration for the Class—including both the Settlement Fund, which Defendant shall fund, and remedial measures Defendant is or has implemented—is commensurate with the claims asserted and being released as part of the Settlement; and

h. the terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

11. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

12. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement.

13. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

14. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement

Agreement and this Final Approval Order may be filed in any action by Defendant, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

15.     The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment.

IT IS SO ORDERED this 30th day of July 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE